UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LISA ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 23-089-DCR |
| ) | |
| V. ) | |
| ) | |
| CONNIE KENNEY, et al., ) | **MEMORANDUM ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Lisa Allen and Doug Livingston have filed a supplemental response to the Court's Order directing them to show cause why their claims against Defendants State Farm Mutual Automobile Insurance Company and Central Mutual Insurance Company should not be dismissed for failure to serve these defendants in a timely manner. Because the plaintiffs have failed to demonstrate that the time for service should be extended under the factors announced in *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022), the claims against State Farm Mutual Automobile Insurance Company and Central Mutual Insurance Company will be dismissed, without prejudice.

The plaintiffs filed the Complaint in this matter on March 20, 2023. Rule 4(m) of the Federal Rules of Civil Procedure provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Allen and Livingston concede that they failed to serve State Farm Mutual Automobile Insurance Company and Central Mutual Insurance Company on or before June 19, 2023. They further concede that they cannot show good cause for this failure. [Record No. 28, p. 2]

The Court retains discretion to enlarge the timeframe for completing service absent a finding of good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). The Sixth Circuit has instructed district courts to consider the following factors when deciding whether to grant a discretionary extension of time in the absence of good cause:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569.

The first factor weighs in favor of granting an extension, as the plaintiffs report that they sent summonses and copies of the Complaint and Amended Complaint to the defendants' agents for service *via* certified mail on June 29, 2023. [*See* Record No. 25-1, 2.] Their recent attempt to serve these defendants also weighs in favor of granting an extension under the fifth factor.

The remaining factors are neutral or weigh against granting an extension. The plaintiffs report that granting the extension would not prejudice the defendants, as the statute of

limitations has not expired, and the plaintiffs would simply re-file the claims if the extension were denied. On the other hand, the Court's refusal to extend time would not substantially prejudice the plaintiffs if they can re-file the claims. Considered together, these factors are neutral.

The plaintiffs assert that the affected defendants "have knowledge that the plaintiffs were involved in the subject collision," but there is no suggestion that Defendants State Farm Mutual Automobile Insurance Company and Central Mutual Insurance Company have actual notice of this lawsuit. With respect to the sixth factor, the plaintiffs are represented by three counsel of record, and therefore are not "pro se litigant[s] deserving of additional latitude to correct defects in service of process." Finally, the plaintiffs have not identified any equitable factors that might be relevant to the unique facts of this case.

On balance, the factors do not warrant granting an extension of the period for effecting service under Rule 4(m). Accordingly, it is hereby

**ORDERED** that Plaintiff Lisa Allen and Doug Livingston's claims against Defendants State Farm Mutual Automobile Insurance Company and Central Mutual Insurance Company are **DISMISSED**, without prejudice.

Dated: July 10, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky